UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

KERWIN D. SCOTT,                )
                                )
         Plaintiff,             )
                                )
    v.                          )    No. 4:09-CV-486-FRB
                                )
PAUL ARNETT, et al.,            )
                                )
         Defendants.            )

**MEMORANDUM AND ORDER**

This matter is before the Court upon the application of Kerwin D. Scott (registration no. 520941) for leave to commence this action without payment of the required filing fee.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period. *See* 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner

will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id*.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. *See* 28 U.S.C. § 1915(a)(1),(2). A review of plaintiff's account statement indicates an average monthly deposit of $3.67, and an average monthly account balance of $1.63. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $.73, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355

2

U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 112 S. Ct. 1728, 1733 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff, an inmate at the Ozark Correctional Center, seeks monetary and injunctive relief in this 42 U.S.C. § 1983 action against Paul Arnett (Rock Hill Chief of Police), Rita Lay (Court Clerk), Unknown McGee (Rock Hill Police Officer), and the City of Rock Hill. Plaintiff alleges that the City of Rock Hill failed to comply with Missouri forfeiture statutes relative to the allegedly unlawful seizure of certain property from his residence on or about July 25, 2007. He claims that the Court Clerk, defendant Rita Lay, "did not file material that [he] sent into the Court (City of Rock Hill) pertaining to this cause of action [,] and acted with 'deliberate indifference.'" He seeks the return of all his property, as well as monetary damages.

## Discussion

Plaintiff's assertion that defendants failed to follow Missouri law does not amount to a § 1983 claim. *See Bagley v. Rogerson*, 5 F.3d 325 (8th Cir. 1993) (allegation of state law violation, statutory or decisional, does not, in itself, state claim under federal Constitution or § 1983). Moreover, although a municipality is not entitled to absolute immunity in § 1983 actions, it cannot be held liable under a respondeat superior theory. *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). Municipal liability cannot be imposed absent an allegation that unlawful actions were taken pursuant to a municipality's policy or custom. *Id*. at 694. There being no such allegation in the present action,[1] the complaint is legally frivolous as to defendant City of Rock Hill.

Plaintiff's allegations against defendant Rita Lay are also frivolous. The filing of complaints and other legal documents is an integral part of the judicial process. Thus, defendant Lay is protected by judicial immunity from damages for alleged civil rights violations committed in connection with the performance of such tasks. *See Smith v. Erickson*, 884 F.2d 1108, 1111 (8th Cir. 1989).

---

[1] At best, plaintiff's allegations in the instant case point to alleged random and/or unauthorized misconduct.

The complaint is legally frivolous as to defendant Unknown McGee, because plaintiff has failed to assert any facts against this party. *See Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995)(respondeat superior theory inapplicable in § 1983 suits).

Last, to the extent that plaintiff is attempting to assert a Due Process claim based on the loss of property, the allegations fail to state a claim cognizable under § 1983 and are legally frivolous as to all defendants. *See Hudson v. Palmer,* 468 U.S. 517 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 328 (1986). Plaintiff does not allege that he lacks an adequate postdeprivation remedy, and, in fact, the State of Missouri provides the postdeprivation remedy of replevin for the recovery of personal property. *See* Mo. R. Civ. P. 99.01 - 99.15.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial partial filing fee of $.73 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance

payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and/or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

An appropriate Order shall accompany this Order and Memorandum.

Dated this 26th day of May, 2009.

**/s/ Jean C. Hamilton**
**UNITED STATES DISTRICT JUDGE**